NITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THE ESTATE OF MICHAEL ROBERT SIEMEN,
by his Personal Representative, Tina Siemen,

        Case Number 11-11249-BC

   Plaintiff,

        Honorable Thomas L. Ludington

v.

HURON MEDICAL CENTER, et al.,

   Defendants.
                                              /

**OPINION AND ORDER GRANTING NIKOLAI BUTKI'S MOTION TO INTERVENE AND CANCELING HEARING**

Michael Siemen, now deceased, had a history of schizophrenia, bi-polar disorder, and a previous suicide attempt. His psychiatric condition was managed by Huron Behavioral Health since 1998 under the care of Dr. John/Jane Doe (the names of the treating physicians are not available in the records). In January 2010, Huron Behavioral Health ceased offering the psychiatric services Mr. Siemen required.

On February 7, 2010, Mr. Michael Siemen presented to the Emergency Department at Huron Medical Center with his wife, Tina Siemen, complaining of trouble sleeping and requesting a Proxilin injection. Mrs. Siemen advised the emergency room staff that her husband was suicidal, in need of the Proxilin injection, and a transfer to Bay Medical Center for inpatient psychiatric treatment. Mr. Siemen was evaluated by several emergency room staff, including Dr. Nikolai Butki, D.O. Mr. Siemen was discharged that same day and later that night, committed suicide.

Although providing treatment at Huron Medical Center, Dr. Butki is not an employee of Huron Medical Center. Dr. Butki is employed by DeGarA, P.L.L.C., a private emergency medical group, which provides service at various emergency departments, including Huron Medical Center,

Lapeer Regional Medical Center, Oakland Physicians Medical Center, POH Medical Center in Oxford, Pontiac, and Clarkston and St. Joseph Health System in Tawas.

Plaintiff sent a notice of intent to sue Dr. Butki, among other individuals, on June 22, 2010. Plaintiff subsequently filed the instant complaint on March 28, 2011. Under Count I, Plaintiff alleges that Dr. Butki as well as Kimberly Dimock, P.A., Charles La Framboise, P.A., Dr. Jane/John Doe, and Pamela Lueke, R.N. discharged Mr. Siemen prior to stabilizing the patient in violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"). In Count II, Plaintiff alleges medical malpractice against these treaters, specifically arguing that Dr. Butki violated the standard of care and treatment of an emergency medicine physician. ECF No. 1 ¶122, 123, 136, 137, 152, 153. Plaintiff attached the affidavit of merit of Dr. Joel Bartfield, board-certified in emergency medicine, to support these claims against Dr. Butki. ECF No. 1 Ex. 1.

Although Dr. Butki is identified in the body of the Complaint, he is not named as a defendant in the caption of this lawsuit. Plaintiff alleges that Huron Medical Center is vicariously liable for the alleged negligent acts of Dr. Butki and other emergency medical staff. Count I alleges that Dr. Butki failed to stabilize Mr. Siemen prior to discharge in violation of EMTALA, and that Huron Medical Center was responsible for it agents, servants and employees including but not limited to Dr. Butki "under the doctrines of vicarious liability and/or respondeat superior and/or ostensible agency." ECF No. 1 ¶19, 32. Similarly, in Count II for medical malpractice, Plaintiff alleges that Dr. Butki breached the standard of care in his treatment of Mr. Siemen and that Huron Medical Center was vicariously liable for the actions of Dr. Butki specifically. ECF No. 1 ¶63, 136, 152. Shortly after Plaintiff filed the complaint, counsel for Dr. Butki notified Plaintiff's counsel of his intent to seek intervention.

Dr. Butki now moves to intervene as a defendant in this lawsuit and provide his own defense against these allegations of malpractice and violations of EMTALA. ECF No. 37. Dr. Butki requests to intervene as a defendant as of right pursuant to Rule 24(a) or in the alternative, requests to intervene pursuant to Rule 24(b), which grants the court discretion to permit intervention. Plaintiff responds that Dr. Butki's motion is untimely, that Plaintiff made a deliberate strategic decision to only name Huron Medical Center as a defendant, and the duplicative discovery of adding every individual medical provider would result in at least nine additional lawyers entering the case, rendering scheduling nearly impossible and creating duplicative discovery. For the reasons provided herein, Dr. Butki's motion to intervene will be granted.

## I. Standard of Review

Rule 24 provides for intervention as of right as well as permissive intervention. Rule 24(a), intervention of right, provides that on timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Rule 24(b)(1) provides for permissive intervention, providing that the court, on timely motion, may permit anyone to intervene who:

(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.

In exercising discretion pursuant to this section, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties rights. Rule 24(b)(3).

Rule 24 should be broadly construed in favor of potential intervenors. *Purnell v. Akron*, 925

F.2d 941, 950 (6th Cir. 1991). As a general rule, "if an intervenor would be substantially affected in a practical sense by the determination made in the action, the intervenor should be entitled to intervene." *See Advisory Committee Note*, Fed. R. Civ. P. 24(a)(2). A party who fails to meet the requirements to intervene as of right may still intervene on the basis of permissive intervention. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000). The district court's determination of intervention as of right pursuant to Rule 24(a) is reviewed de novo, except for the timeliness element which is reviewed for a clear abuse of discretion. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). The decision to allow permissive intervention pursuant to Rule 24(b) is a matter of trial court discretion, which would only be reversed if there is a clear abuse of discretion by the trial judge. *Purnell v. City of Akron*, 925 F.2d 941, 951 (6th Cir. 1991).

## II.   Discussion

### A.   Dr. Butki's Motion to Intervene as of Right Pursuant to Rule 24(a)

Four elements must be satisfied before intervention of right should be granted: (1) timeliness of the application to intervene; (2) the applicant's substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court. *Stupak-Thrall*, 226 F.3d at 471.

To determine if a motion to intervene is timely, all relevant circumstances should be evaluated. The Sixth Circuit has identified five factors to determine timeliness: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors'

failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990). In evaluating these factors, courts place particular emphasis on the progression of litigation and generally find intervention timely if discovery is in its early stages or if intervention is sought prior to the expiration of the deadlines in the court's scheduling order. *See Pride v. Allstate Ins. Co.*, No. 10-13988, 2011 WL 692299, at *3 (E.D. Mich. Feb. 18, 2011) (holding intervention timely, noting that the case had not made major progression and discovery was ongoing); *see also Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (holding intervention timely when the case was in its initial stage); S*tupak-Thrall*, 226 F.3d at 474 (holding intervention untimely when discovery had closed for over ten weeks, all witnesses had been identified, and the dispositive motion cut-off was only seven weeks away).

Plaintiff commenced this action nearly a year ago on March 28, 2011. Huron Medical Center filed an answer to the complaint, affirmative defenses, and reliance on jury demand on June 28, 2011, answering the claims against Dr. Butki. ECF No. 10. Huron Medical Center later filed an affidavit of meritorious defense on July 12, 2011 signed by Richard Faller, M.D., an emergency medicine physician, attesting that Dr. Butki complied with the standard of practice and care. ECF No. 23. Discovery, however, is still ongoing and is not scheduled to close until June 29, 2012, Defendants are not required to disclose experts until April 6, 2012, and the dispositive motion deadline is not until August 3, 2012. The case is scheduled for trial on February 5, 2013. ECF No. 28.  If permitted to intervene, Dr. Butki submits that he would comply with the existing deadlines provided in the case management and scheduling order, resulting in his motion being timely.

Plaintiff responds that Dr. Butki was aware of a possible lawsuit over a year and a half ago and then waited nine months after the complaint was filed to seek intervention, and his request should be denied as untimely.

Dr. Butki also contends that his intervention will not result in any prejudice to the existing parties. Plaintiff specifically challenges Dr. Butki's treatment of Mr. Siemen, naming Dr. Butki in the body of the Complaint. Huron Medical Center has assumed Dr. Butki's defense and filed an answer and affidavit of meritorious defense on his behalf. Dr. Butki's involvement, liability, and defense to these allegations were known to the parties since the beginning of this litigation. Further, prior to filing this motion for intervention, Dr. Butki, through counsel, verbally notified Plaintiff's counsel and Defendants' counsel of his intention to intervene as a defendant. Given the nature of Plaintiff's allegations of malpractice against Dr. Butki, the notice to the existing parties, and the early stages of the litigation, Dr. Butki requests that he be allowed to intervene as of right.

Applicants for intervention as a matter of right must also have a significant legal interest in the subject matter of the litigation. There is "no clear definition" of what constitutes a substantial interest for purposes of intervention; however, the Sixth Circuit has opted for an expansive definition, instructing that "interest" is to be construed liberally. *Purnell*, 925 F.2d at 947-48; *Michigan State AFL-CIO*, 103 F.3d at 1245. Applicants need not possess the standing necessary to initiate a lawsuit. *Id.* "The inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Id.*

Dr. Butki argues that he has a substantial interest in this litigation because Plaintiff specifically claims that Dr. Butki's treatment of Mr. Siemen was professionally negligent and is requesting damages in excess of $75,000.00. Dr. Butki's personal liability for professional

-6-

negligence is at issue, and the outcome of this litigation has the ability to affect Dr. Butki's professional standing, insurability, and licensure. If Plaintiff establishes malpractice or if the parties reach settlement, that settlement or judgment must be reported to the National Practitioner Data Bank pursuant to 42 U.S.C. § 11101 et seq. This information is available to hospitals, state licensure boards as well as other healthcare entities. Further, a judgment of malpractice may subject Dr. Butki to investigation and disciplinary proceedings pursuant to Mich. Comp. Laws § 333.16226 and Mich. Comp. Laws § 333.16231(3), which may affect his medical license.

Dr. Butki contends that he is also at financial risk because Plaintiff alleges that Huron Medical Center is vicariously liable for Dr. Butki's actions. Vicarious liability is indirect responsibility imposed by operation of law. *Cox v. Bd of Hosp. Managers for the City of Flint*, 467 Mich. 1, 11-12 (2002). Pursuant to this doctrine, a hospital may be held vicariously liable for the negligence of its employees and agents. *Id.* at 11. If the hospital's liability is based on vicarious liability, the "law treats the principal and the agent as sharing a single identity, transporting the acts of the doctors (agents) to the hospital (the principal)." *Nippa v. Botsford Gen. Hosp.*, 257 Mich. App. 387, 392-93 (2003). If a plaintiff's allegations against the hospital are based upon claims of vicarious liability for its agents, the hospital has a right to seek indemnification from the physician or agent who committed the malpractice. *Sawka v. Prokopowycz*, 104 Mich. App. 829, 833 (1981) "Generally, indemnity is available to a party who faces vicarious liability for the negligent acts of another." *Id.* This right to common law indemnification "is based on the equitable theory that where the wrongful act of one party results in another party's being held liable, the latter party is entitled to restitution for any losses." *Lakeside Oakland Dev. Co. v. H & J Beef Co.*, 249 Mich. App. 517, 531 (2002). In other words, if the jury finds Huron Medical Center liable based on the actions of Dr.

Butki, Huron Medical Center may seek indemnification from Dr. Butki for the judgment.

Dr. Butki argues that his ability to vigorously defend against allegations of malpractice may be impaired without intervention. To satisfy this element, a party must only show that impairment of its interest is possible if intervention is denied. *Pride*, 2011 WL 692299 at *3. The Sixth Circuit has elaborated on the intervenor-applicant's burden, providing:

> The applicants need not show that substantial impairment of their interest will result, nor from the language of Rule 24(a) that impairment will inevitably ensue from an unfavorable disposition, the would-be intervenors need only show that the disposition may impair or impede their ability to protect their interest.

*Purnell*, 925 F.2d at 948 (internal citations omitted). Without intervention, Dr. Butki believes he will not be able to protect his interests in this lawsuit, and must rely upon the defenses of Huron Medical Center, a party who concurrently has the ability to assert an indemnification claim against him. Additionally, Huron Medical Center also defends the involvement of several other healthcare providers, whose interests may not be identical with those of Dr. Butki. Consequently, Dr. Butki could ultimately be bound by factual findings against Huron Medical Center and thereafter responsible for indemnity even though he was not personally represented.

A demonstration that "the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments" may provide an adequate basis for intervention. *Michigan State AFLCIO*, 103 F.3d at 1247. "Parties quite properly tailor their own presentation to the interest each of them has. If there is a significant difference between the interest of the absentee and that of the party, there is a risk that the party will not provide adequate representation of the absentee." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §1909. All reasonable doubts should be resolved in favor of allowing the proposed intervenor who has an interest different from that of any existing party to intervene so that he may be heard on his own behalf. *Id.*

Dr. Butki emphasizes that both he and Huron Medical Center have an incentive to prove compliance with the EMTALA and the standard of care, but have different financial risks. Huron Medical Center is claimed to be vicariously responsible for Dr. Butki's professional actions and those of others. Huron Medical Center has not waived the ability to seek indemnity from Dr. Butki if the jury finds malpractice or if they elect to settle a case based upon his treatment. Dr. Butki, on the other hand, wishes to defend against a potential judgment or settlement that may directly affect his professional standing, personal assets, and insurability.

Huron Medical Center is also defending several other members of the hospital staff. Plaintiff has alleged vicarious liability against Huron Medical Center for two physician assistants, an unidentified doctor, as well as emergency room nurse who treated Mr. Siemen at various times during his admission. Their incentive to defend these persons may influence the trial strategy and/or defense and limit arguments raised on Dr. Butki's behalf. Further, some of these treaters are employees of the hospital with no availability of indemnity in a subsequent action. This could also influence defense trial strategy. Dr. Butki requests that he be allowed to intervene in order to retain his own counsel who will make all reasonable arguments in his defense of malpractice, uninhibited by the defense of other persons named in the Complaint.

In response, Plaintiff argues that Dr. Butki's interests could be adequately represented by Huron Medical Center's counsel, as evidenced by filing an answer to Plaintiff's complaint and an affidavit of meritorious defense on Dr. Butki's behalf. Plaintiff also believes that Dr. Butki's individual appearance is unnecessary because he was an ostensible agent of Huron Medical Center when he provided Mr. Siemen's case on February 7, 2010. Plaintiff disagrees that there would be a valid claim against Dr. Butki for indemnification as it relates to costs and attorney's fees because

the claims against Huron Medical Center are not solely claims for vicarious liability. *See Sawka v. Prokopowycz*, 104 Mich. App. 892 (1981) (noting that no indemnification for costs and attorney fees is warranted when the case includes both claims of direct negligence against the hospital and claims for vicarious liability). Plaintiff does not dispute, however, that Huron Medical Center could seek indemnification against Dr. Butki if the jury finds liability based on Dr. Butki's actions.

In this case, Plaintiff has asserted a federal claims based on EMTALA against the hospital, but the medical malpractice claims against the Hospital are based on its alleged vicarious liability for the actions of the physicians and hospital staff treating Mr. Siemen, including Dr. Butki. Further, Dr. Butki's substantial interest in this litigation is not only based on the risk of indemnity, but on the fact that his personal liability for professional negligence is at issue, which has the potential to affect his professional standing, insurability, and licensure. Although Dr. Butki could have sought intervention at an earlier time, his request is not likely to affect the currently scheduling order. Moreover, granting his request to intervene does not appear to result in prejudice to any party. Plaintiff only offers speculation that if all the individual care providers sought intervention, scheduling would be difficult and discovery would be duplicative. Because only Dr. Butki has sought intervention, it would be imprudent to consider the effect intervention of a number of unnamed parties with different interests and circumstances would have on the litigation. There are some potential conflicts between Dr. Butki's personal interests and that of Huron Medical Center for the reasons Dr. Butki has advanced. Dr. Butki's motion to intervene as a matter of right will be granted.

**B.  Dr. Butki's Motion for Permissive Intervention Pursuant to Rule 24(b)(1)**

Rule 24(b) provides for permissive intervention:

> (1) In General. On timely motion, the court may permit anyone to intervene who:
> > (A) is given a conditional right to intervene by a federal statute;
> > (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> \*\*\*
>
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

When determining timeliness for permissive intervention, courts rely on the same five factors used to determine timeliness to intervene as of right. *Stotts v. Memphis Fire Dept*, 679 F.2d 579, 582 (6th Cir. 1982). As discussed at length above, this case is in the early stages of discovery, which is not scheduled to close for almost four months. Trial is not set to occur for another year.

Dr. Butki's defense also shares a common question of law or fact with the main action. Plaintiff has alleged malpractice and violations of EMTALA resulting from Dr. Butki's treatment of Mr. Siemen on February 7, 2010. Dr. Butki seeks to intervene to defend against these allegations of professional negligence, which would provide him the opportunity to prove that he complied with the standard of care and EMTALA in his treatment of Mr. Siemen. This defense is central to the Plaintiff's cause of action.

Lastly, the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. If permitting the intervention would require discovery be prolonged, then courts are likely to deny the motion for permissive intervention. *United States v. Michigan*, 424 F.3d at 445; *Pride*, 2011 WL 692299 at \*4. Here, intervention will not delay or prejudice the adjudication of the parties rights. If permitted to intervene, Dr. Butki has advanced that he will be able to comply with the dates in the scheduling order and will not require an adjournment of these dates for purposes of intervention. Further, Dr. Butki's involvement in this lawsuit and potential liability was known to the parties since the lawsuit was initiated.

Plaintiff requests denial of Dr. Butki's motion for permissive intervention for the same reasons provided for intervention as a matter of right. Plaintiff also notes that Dr. Butki could still be called upon to provide discovery or give a deposition, and could elect to work with Huron Medical Center's counsel to ensure his interests are adequately represented.

For the reasons stated in Part II.A. regarding Dr. Butki's motion to intervene as a matter of right, Dr. Butki's timeliness and possible prejudice or delay to the original parties are not at issue. He also has a defense that shares a common question of law or fact with the main action. Accordingly, he is also entitled to intervene permissibly.

### III. Conclusion

Accordingly, it is **ORDERED** that Dr. Butki's motion to intervene (ECF No. 37) is **GRANTED**.

It is further **ORDERED** that the hearing scheduled for February 27, 2012 is **CANCELED** because oral argument will not aid in the disposition of the motion. E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 16, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS