UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THE ESTATE OF MICHAEL ROBERT
SIEMEN, by his Personal Representative,
TINA SIEMEN,                             Case No. 11-11249
                                                                  Honorable Thomas L. Ludington
                Plaintiff,

v.

HURON MEDICAL CENTER, et al.,

                Defendants.
                                                /

**OPINION AND ORDER DECLINING JURISDICTION
OF STATE LAW CLAIMS AND DISMISSING CASE**

On February 7, 2010, Michael Siemen took his own life with a shotgun.  Mr. Siemen had a history of schizophrenia and bi-polar disorder, and he had attempted suicide before.

Since the 1990's, Mr. Siemen underwent psychological treatment to keep his psychosis in check.  That treatment was abruptly terminated at the end of January 2010.  When Mr. Siemen reported to an emergency room less than two weeks later, begging for help, his personal representative alleges he received nothing more than a prescription for Benadryl.  Plaintiff brought this case on behalf of Mr. Siemen's estate, alleging violations of federal law against the emergency room hospital, and state law medical malpractice claims against that defendant and two doctors.  Because the defendant against whom the federal law violation was alleged has since been dismissed, Plaintiff's state law claims will be dismissed as well.

**I**

Between 1998 and January 2010, Mr. Siemen received psychiatric services through Defendant Huron Behavioral Health (HBH) under the care of Defendant Dr. Javed Haque, a staff psychiatrist at HBH.  The treatment included monthly injections of Prolixin, a medication that

manages the manifestations of psychotic disorders. On January 15, 2010, however, Mr. Siemen was sent an advance notice of service termination. The notice was signed by Dr. Haque, and indicated that Mr. Siemen's services would end on January 27, 2010 due to lack of eligibility.

Almost two weeks after services were terminated, on February 7, 2010, Mr. Siemen and his wife presented at the emergency room of Defendant Huron Medical Center (HMC). They claimed that Mr. Siemen planned to kill himself and needed his medication. But the medication was not available, and Mr. Siemen was discharged thirty minutes later with a prescription for Benadryl. Later that day, Mr. Siemen went to a friend's home and fatally shot himself.

Mr. Siemen's wife, Plaintiff Tina Siemen, filed suit against Defendants HMC, HBH, and Dr. Haque. She alleges that HBH and Dr. Haque committed medical malpractice in violation of Michigan law when they negligently suspended Mr. Siemen's psychiatric treatment in January 2010. She also states a medical malpractice claim under Michigan law against HMC for its actions during Mr. Siemen's emergency room visit on February 7. Plaintiff further claims that HMC failed to afford appropriate medical screening to Mr. Siemen in violation of the Emergency Medical Treatment and Labor Act (EMTALA).

Plaintiff's complaint maintains that this Court has original jurisdiction "over one defendant, HURON MEDICAL CENTER . . . under the Federal EMTALA Act; therefore there is a federal claim." Pl.'s Compl. ¶ 2. The complaint goes on to allege that the EMTALA claim and the state law medical malpractice claims derive from the same nucleus of operative fact, extending the jurisdiction of this Court to those state law claims as well. *Id*. at ¶¶ 3–6.

On September 21, 2012, the parties stipulated to dismiss Defendant HMC. Four days later an order was entered dismissing HMC, and all claims against HMC, including Plaintiff's

EMTALA claim. ECF No. 68. Accordingly, all that remains in this case are Plaintiff's state-law medical malpractice claims against HBH and Dr. Haque.

## II

Because the claims giving this court original jurisdiction have been dismissed, and the case was not removed from state court, the appropriate remedy is to dismiss Plaintiff's remaining state law claims.

"A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction." *Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007) (citing 28 U.S.C. § 1367(c)(3)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Because Plaintiff's federal claim has been dismissed, it is proper to dismiss the remaining state claims as opposed to exercising supplemental jurisdiction.

Accordingly, it is **ORDERED** that the Court **DECLINES** jurisdiction over Plaintiff's state law claims and Plaintiff's complaint, ECF No. 1, is dismissed without prejudice to her state law cause of action.

Dated: November 28, 2012    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS